# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

|   |   |
|---|---|
| RONALD RICKS,<br><br>        Plaintiff,<br><br>   vs.<br><br>B. ALBITRE, et al.,<br><br>        Defendants. | 1:13cv00039 DLB PC<br><br>ORDER FINDING CLAIMS COGNIZABLE AND DISMISSING CERTAIN CLAIMS AND DEFENDANT SMITH |

      Plaintiff Ronald Ricks ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis. Plaintiff filed this civil rights action pursuant to 28 U.S.C. § 1983 on January 10, 2013. He names California State Prison, Corcoran ("CSP") Native American Spiritual Leader B. Albitre, CSP Community Resources Manager Marlene Smith, CSP Deputy Warden J. Cavazos, Appeals Coordinator R. Davis and Chief Appeals Coordinator J. D. Lozano as Defendants.[1]

      On September 16, 2013, the Court screened Plaintiff's complaint and found that it states the following cognizable claims: (1) a First Amendment Free Exercise claim against Defendants Albitre, Cavazos, Davis and Lozano; and (2) a claim for violation of RLUIPA against Defendants Albitre, Cavazos, Davis and Lozano. Plaintiff was given the option of amending his complaint or notifying the Court of his willingness to proceed only on the cognizable claims.

---

[1] Plaintiff consented to the jurisdiction of the United States Magistrate Judge on March 11, 2013.

1

On November 4, 2013, Plaintiff informed the Court that he wished to proceed only on the cognizable claims.[2]

### A.  **LEGAL STANDARD**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  Id. (quoting Twombly, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not.  Id.

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law.  Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  Plaintiff's allegations must link the

---

[2] Plaintiff will be instructed on service by separate order.

actions or omissions of each named defendant to a violation of his rights; there is no respondeat superior liability under section 1983. Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934. Plaintiff must present factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

**B.     PLAINTIFF'S ALLEGATIONS**

Plaintiff is currently incarcerated in Avenal State Prison. The events at issue occurred while Plaintiff was incarcerated at CSP.

Plaintiff contends that since at least 2010, religious services for inmates of the Wiccan faith at CSP 3C Yard have been almost non-existent. From July 2011 to December 2011, Wiccans received services on four occasions.

Plaintiff alleges that in December 2011, inmates filed a group appeal challenging the lack of religious services for inmates of the Wiccan faith. On January 24, 2012, Defendant Albitre met with Plaintiff, who acted as the groups' representative, and agreed to supervise a meeting of the members of the Wiccan Church on 3C Yard every other Thursday. When Defendant Albitre was not available, the Catholic chaplain could be available. Defendant Albitre also requested, and received, a list of needed materials and artifacts.

After the inmate appeal, from January 2012 to June 2012, Wiccans received services on four occasions, despite the promise for biweekly Thursday services. During this period, the Catholic chaplain never supervised a meeting and two of the four services were conducted by outside volunteers, not CSP staff.

From July 2012 to November 2012, Wiccans have not received any services and no artifacts or materials have been made available on 3C Yard.

Plaintiff explains that Wiccan services require the use of sanctified ground and the burning of small amounts of material. They require eight major services and regular, frequent minor services.

Plaintiff contends that Wicca has already been held to be a religion and its practice is recognized by the CDCR Department of Operations Manual. Plaintiff argues that to comply with Plaintiff's request, CSP staff only had to do follow their own guidelines, policies and procedures.

Based on these allegations, Plaintiff argues that Defendant Albitre has allowed Wiccan services to "completely expire." Compl. 10. He contends that Defendant Albitre has violated the Free Exercise Clause of the First Amendment and the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA").

Defendant Smith is Defendant Albitre's supervisor and is responsible for organizing and scheduling all religious services. Defendant Smith has reviewed Defendant Albitre's 602 responses and signed her name to them. Plaintiff alleges that Defendant Smith regularly schedules Christian and Jewish services and that she implements CDCR's "unwritten" policy against non-Judeo-Christian religions. Plaintiff contends that Defendant Smith has violated the Free Exercise Clause of the First Amendment, the Establishment Clause of the First Amendment and RLUIPA.

Plaintiff contends that Defendant Deputy Warden J. Cavazos was Defendant Smith's supervisor and a signator at the Second Level Appeal Review. Plaintiff alleges that he approved the agreement of Defendants Albitre and Smith to provide biweekly Wiccan services and to purchase the necessary materials. He failed to follow up, however, to ensure that this was done. Plaintiff alleges that Defendant Cavazos violated the Free Exercise Clause of the First Amendment, the Establishment Clause of the First Amendment and RLUIPA.

Finally, Plaintiff contends that Defendants Davis and Lozano reviewed Plaintiff's appeal at the Third Level and denied relief.  Plaintiff contends that they had to have known about a prior action where the Court found that CDCR violated plaintiff's rights in burdening the exercise of Wicca, and therefore supported an unwritten policy against non-Judeo-Christian religions. Plaintiff contends that Defendants Davis and Lozano violated the Free Exercise Clause of the First Amendment, the Establishment Clause of the First Amendment and RLUIPA.

Plaintiff requests injunctive relief and monetary damages.

## C. ANALYSIS

### 1. Representation of Other Inmates

Plaintiff indicates that there are five total Plaintiffs in this action, including himself. However, Plaintiff is not an attorney and is proceeding without counsel.  A non-attorney proceeding pro se may bring his own claims to court, but may not represent others.  E.g., Simon v. Hartford Life, Inc., 546 F.3d 661, 664-65 (9th Cir. 2008); Fymbo v. State Farm Fire & Casualty Co., 213 F.3d 1320, 1321 (10th Cir. 2000); Johns v. County of San Diego, 114 F.3d 874, 876 (9th Cir. 1997); C. E. Pope Equity Trust v. United States, 818 F.2d 696, 697 (9th Cir. 1987).

Accordingly, the Court will construe this action as an individual civil action brought by Plaintiff Ronald Ricks. Inmates Lanning, Hall, Naegle and Huggins are not Plaintiffs in this action.

### 2. Free Exercise Clause of the First Amendment

"Inmates . . . retain protections afforded by the First Amendment, including its directive that no law shall prohibit the free exercise of religion." O'Lone v. Estate of Shabazz, 482 U.S. 342, 348 (1987) (internal quotations and citations omitted).  The protections of the Free Exercise Clause are triggered when prison officials substantially burden the practice of an inmate's religion by preventing him from engaging in conduct which he sincerely believes is consistent

with his faith. Shakur v. Schriro, 514 F.3d 878, 884-85 (9th Cir. 2008); Freeman v. Arpaio, 125 F.3d 732, 737 (9th Cir. 1997), overruled in part by Shakur, 514 F.3d at 884-85.

        a.    *Defendant Albitre*

Here, Plaintiff contends that Defendants have substantially burdened the practice of his religion by failing to provide Wiccan services and failing to purchase Wiccan materials and artifacts. Based on these allegations, Plaintiff states a claim against Defendant Albitre, who is alleged to have made an agreement and failed to follow through.

        b.    *Defendant Smith*

Defendant Smith is Defendant Albitre's supervisor, but there is no indication that she was personally involved in the alleged deprivation. Liability may not be imposed on supervisory personnel under the theory of respondeat superior, as each defendant is only liable for his own misconduct. Ashcroft v. Iqbal, 556 U.S. 662, 676-77, 129 S.Ct. 1937, 1948-49 (2009); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009). However, a supervisor may be held liable if he "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

The only factual allegations against Defendant Smith involve her signature on the First Level Appeal Response, dated January 24, 2012. This response set forth the agreement with Defendant Albitre. Defendant Smith's involvement, therefore, was limited to answering Plaintiff's appeal and providing a solution that was satisfactory to Plaintiff. There is no indication that Defendant Smith participated in or directed the violations, or knew of the violations and failed to prevent them. Moreover, while the enforcement of an unconstitutional policy may support a claim for supervisory liability where the policy is the moving force behind the violation, Plaintiff's unsupported, conclusory statement that Defendant Smith is enforcing an unwritten policy that affects non-Judeo-Christian religions is insufficient to support liability.

   c.  *Defendants Cavazos, Davis and Lozano*

Defendant Cavazos answered the Second Level Review on April 23, 2012. Defendants Davis and Lozano denied Plaintiff's appeal at the Third Level by decision dated July 27, 2012.

Generally, denying a prisoner's administrative appeal does not cause or contribute to the underlying violation. George v. Smith, 507 F.3d 605, 609 (7th Cir. 2007) (quotation marks omitted). However, because prison administrators cannot willfully turn a blind eye to constitutional violations being committed by subordinates, Jett v. Penner, 439 F.3d 1091, 1098 (9th Cir. 2006), there may be limited circumstances in which those involved in reviewing an inmate appeal can be held liable under section 1983.

Here, Plaintiff alleges that Defendants Cavazos, Davis and Lozano were aware of the lack of services for Wiccan inmates and failed to remedy the violation. Construed liberally, Plaintiff states a claim against Defendants Cavazos, Davis and Lozano for violation of the Free Exercise Clause of the First Amendment.

  3.  RLUIPA

RLUIPA prohibits prison officials from substantially burdening a prisoner's "'religious exercise unless the burden furthers a compelling governmental interest and does so by the least restrictive means.'" Alvarez v. Hill, 518 F.3d 1152, 1156 (9th Cir. 2009) (quoting Warsoldier v. Woodford, 418 F.3d 989, 997-98 (9th Cir. 2005)).

For the same reasons discussed above, Plaintiff states a claim for violation of RLUIPA against Defendants Albitre, Cavazos, Davis and Lozano. He does not state a claim against Defendant Smith.

  4.  Establishment Clause of the First Amendment

The Establishment Clause of the First Amendment "prohibits the enactment of a law or official policy that 'establishes a religion or religious faith, or tends to do so.'" Newdow v. Lefevre, 598 F.3d 638, 643 (9th Cir. 2010) (quoting Lynch v. Donnelly, 465 U.S. 668, 678, 104

S.Ct. 1355 (1984)). The clause applies to official condonement of a particular religion or religious belief, and to official disapproval or hostility towards religion. American Family Ass'n, Inc. v. City and County of San Francisco, 277 F.3d 1114, 1120-21 (9th Cir. 2002) (quotation marks and citations omitted).

Plaintiff alleges that Defendants Smith, Cavazos, Davis and Lozano violated the Establishment Clause for, presumably, favoring non-Judeo-Christian religions over his religion. Plaintiff cites to an "unwritten policy" in support of his contention. Without specific facts, however, Plaintiff's speculative, conclusory statement is insufficient to link any of these Defendants to actions that would violate the Establishment Clause.

Accordingly, Plaintiff fails to state an Establishment Clause against any Defendant.

### 5. Injunctive Relief

When an inmate seeks injunctive or declaratory relief concerning the prison where he is incarcerated, his claims for such relief become moot when he is no longer subjected to those conditions. Alvarez v. Hill, 667 F.3d 1061, 1063-64 (9th Cir. 2012); Nelson v. Heiss, 271 F.3d 891, 897 (9th Cir. 2001); Dilley v. Gunn, 64 F.3d 1365, 1368 (9th Cir. 1995); Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991).

Plaintiff requests injunctive relief in the form of religious services at CSP 3C Yard. However, pursuant to Plaintiff's June 6, 2013, Notice of Change of Address, Plaintiff is no longer incarcerated at CSP. This moots his request for injunctive relief.

## D. CONCLUSION AND ORDER

Plaintiff's complaint states (1) a First Amendment Free Exercise claim against Defendants Albitre, Cavazos, Davis and Lozano; and (2) a claim for violation of RLUIPA against Defendants Albitre, Cavazos, Davis and Lozano.

Accordingly, IT IS HEREBY ORDERED that this action proceed on the above claims. It does not state any further claims against any other Defendants, and Defendant Smith is therefore DISMISSED from this action.

IT IS SO ORDERED.

Dated:   **November 13, 2013**                            /s/ *Dennis L. Beck*
                                                         UNITED STATES MAGISTRATE JUDGE